1  CURTIS A. GRAHAM (BAR NO. 89755)
   curtis.graham@ffslaw.com
2  DANA M. SILVA (BAR NO. 271920)
   dana.silva@ffslaw.com
3  FREEMAN, FREEMAN & SMILEY, LLP
   1888 Century Park East, Suite 1500
4  Los Angeles, California 90067
   Telephone:  (310) 255-6100
5  Facsimile:   (310) 255-6200

6  JOSHUA D. HARMS (pro hac vice forthcoming)
   Joshua.Harms@stokeslaw.com
7  THERESA H. WANG (pro hac vice forthcoming)
   Theresa.Wang@stokeslaw.com
8  VALERIE A. WALKER (pro hac vice forthcoming)
   Valerie.Walker@stokeslaw.com
9  STOKES LAWRENCE, P.S.
   1420 Fifth Avenue, Suite 3000
10 Seattle, WA 98101-2393
   Telephone:  (206) 892-2142
11 Facsimile:   (206) 464-1496

12 *Attorneys for Defendant /
   Counterclaim-Plaintiff Dentin Garrett*

13

14

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16 WEATHER REPORT LLC, a California limited liability company,

17        Plaintiff,

18     vs.

19 DENTIN GARRETT, an individual;
   DENTED FEELS LLC, a Delaware
20 limited liability company; DENTED
   FEELS, an entity of unknown
21 organization; and DOES 1-10 inclusive,

22        Defendants.

23 DENTIN GARRETT,

24        Counterclaim-Plaintiff,

25     vs.

26 WEATHER REPORT LLC; ZACHARY
   HUNKINS, an individual; WILLIAM
27 NICHOLS, an individual; and TOBIAS
   WOOLNER, an individual,

28        Counterclaim-Defendants.

Case No. 2:22-cv-01480-FLA-KS

**NOTICE OF DEFENDANT DENTIN GARRETT'S RULE 12(b)(6) MOTION TO DISMISS COUNTS II-VII OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Filed concurrently with Joshua D. Harms's Declaration; [Proposed] Order*

Date:        July 1, 2022
Time:        1:30pm
Courtroom:   6B

Hon. Fernando L. Aenlle-Rocha

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

1

## **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ............................................................... 1

STATEMENT OF RELIEF SOUGHT ............................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................... 2

I.    INTRODUCTION ....................................................................................... 2

II.   BACKGROUND ......................................................................................... 2

III.  LEGAL STANDARD .................................................................................. 3

IV.   ANALYSIS AND ARGUMENT ................................................................ 5

    A.    Weather Report Cannot Maintain a Trade Libel Claim .......................... 5

        1.    The FAC does not disclose the allegedly libelous
           statement(s) nor any surrounding context ................................... 6

        2.    The allegedly libelous statements cannot be "false"
           because they are rhetorical legal opinions of a layperson
           rather than objective statements of fact ....................................... 7

        3.    Weather Report cannot establish special damages because
           it was a new business and because its collection "sold out" ........ 9

    B.    The Breach of Contract Claim is Untenable ......................................... 11

        1.    Weather Report has failed to plead the existence of any
           contract between the parties because a contract requires
           more than vague oral and implied terms .................................... 11

        2.    Weather Report does not establish its performance under
           the alleged contract or offer an excuse for its failure to
           perform ...................................................................................... 13

        3.    Weather Report has failed to plead the existence of a
           contract governing confidentiality due to a lack of
           independent consideration .......................................................... 13

         4.    The alleged confidentially agreement is unenforceable
           under the statute of frauds .......................................................... 14

    C.    The Trade Secret Claim Fails as a Matter of Law ................................ 15

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

DEFENDANT DENTIN GARRETT'S RULE 12(b)(6) MOTION TO DISMISS

1.   The alleged trade secrets are not identified with the
requisite particularity ................................................................. 16

2.   Weather Report did not take reasonable efforts to maintain
the secrecy of the alleged trade secrets ..................................... 18

3.   Any protectable trade secret was publicly disclosed in
artwork embodying the alleged trade secrets ............................ 20

4.   The Court should award Mr. Garrett his attorneys' fees on
this motion under Cal. Civ. Code § 3426.4 ............................... 21

D.   The Promissory Fraud Claim is Preempted ......................................... 22

E.   The Statutory Unfair Competition Claim Fails for Lack of
Standing and is Preempted by CUTSA................................................. 23

F.   The Common Law Unfair Competition Claim is Insufficiently
Pleaded and Preempted ......................................................................... 25

V.   CONCLUSION......................................................................................................... 25

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

DEFENDANT DENTIN GARRETT'S RULE 12(b)(6) MOTION TO DISMISS

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*,
  819 F. Supp. 2d 1001 (E.D. Cal. 2011) ........................................................16, 17

*Altavion, Inc. v. Konica Minolta Sys. Lab., Inc.*,
  226 Cal. App. 4th 26 (2014) .......................................................................18, 19

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
  2013 WL 3460707 (N.D. Cal. July 9, 2013) ........................................................9

*Apple Inc. v. Psystar Corp.*,
  2012 WL 10852 (N.D. Cal. Jan 3, 2012) ...........................................................20

*Aquawood, LLC v. Toys "R" Us-Delaware, Inc.*,
  2016 WL 10576620 (C.D. Cal. Mar. 10, 2016).................................................25

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..........................................................................................4

*Aziz v. Leach*,
  2018 WL 6017024 (C.D. Cal. Feb. 20, 2018) ..............................................5, 25

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................4, 13, 24

*BHRS Grp., LLC v. Brio Water Tech., Inc.*,
  2020 WL 9422352 (C.D. Cal. Dec. 14, 2020)..................................................10

*Bly–Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ..........................................................................4

*Bustamante v. Intuit, Inc.*,
  141 Cal. App. 4th 199 (2006) ....................................................................12, 14

*Caltex Plastics, Inc. v. Lockheed Martin Corp*,
  824 F.3d 1156 (9th Cir. 2016) ..........................................................................4

*Campillo v. Dovenmuehle Mortg., Inc.*,
  2015 WL 13425122 (C.D. Cal. Jan. 20, 2015)..................................................15

**Cases** (cont.)                                                                                                **Page(s)**

*Chang v. Biosuccess Biotech Co., Ltd.*,
   76 F. Supp. 3d 1022 (C.D. Cal. 2014) ....................................................22

*Code Rebel, LLC v. Aqua Connect, Inc.*,
   2013 WL 5405706 (C.D. Cal. Sept. 24, 2013) .....................................7, 9

*Considering Homeschooling v. Morningstar Educ. Network*,
   2008 WL 11413459 (C.D. Cal. Aug. 6, 2008) ........................................9

*CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*,
   479 F.3d 1099 (9th Cir. 2007) ...............................................................21

*Cytodyn, Inc. v. Amerimmune Pharms., Inc.*,
   160 Cal. App. 4th 288 (2008) ................................................................16

*de Cordova v. MCG Nevada, Inc.*,
   2011 WL 13221009 (C.D. Cal. Nov. 29, 2011) ......................................9

*Digital Envoy, Inc. v. Google, Inc.*,
   370 F. Supp. 2d 1025 (N.D. Cal. 2005)..................................................24

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ...................................................................4

*Edwards v. Marin Park, Inc.*,
   356 F.3d 1058 (9th Cir. 2004) .................................................................4

*Films of Distinction, Inc. v. Allegro Film Prod., Inc.*,
   12 F. Supp. 2d 1068 (C.D. Cal. 1998) .....................................................5

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*,
   569 F. Supp. 2d 929 (N.D. Cal. 2008)............................................6, 7, 10

*Freecycle Network, Inc. v. Oey*,
   505 F.3d 898 (9th Cir. 2007) ...................................................................8

*G.U.E. Tech, LLC v. Panasonic Avionics Corp.*,
   2015 WL 12696203 (C.D. Cal. Sept. 15, 2015) ......................................6

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

**Cases (cont.)**                                                                                    **Page(s)**

*Garon v. eBay, Inc.*,
  2011 WL 6329089 (N.D. Cal. Nov. 30, 2011) ......................................................10

*GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*,
  2015 WL 12731920 (C.D. Cal. Sept. 21, 2015) ..............................................16, 17

*Global Telemedia Int'l, Inc. v. Doe 1*,
  132 F. Supp. 2d 1261 (C.D. Cal. 2001) ..............................................................7

*GOLO, LLC v. Higher Health Network, LLC*,
  2019 WL 446251 (S.D. Cal. Feb. 5, 2019) ............................................................10

*Good Government Group of Seal Beach, Inc. v. Superior Court*,
  22 Cal. 3d 672 (Cal. 1978) ....................................................................................7

*Hartford Cas. Ins. Co. v. Swift Distrib., Inc.*,
  59 Cal. 4th 277 (2014) ............................................................................................6

*Hellenic Petroleum, LLC v. Sacramento Energy Res., LLC*,
  2019 WL 4747794 (E.D. Cal. Sept. 30, 2019) ......................................................6

*Heller v. Adobe Systems, Inc.*,
  2016 WL 2996938 (N.D. Cal. May 25, 2016)......................................................12

*HGCI, Inc. v. Luxx Lighting, Inc.*,
  2020 WL 5913851 (C.D. Cal. Sept. 1, 2020) ......................................................9

*Hinojos v. Kohl's Corp.*,
  718 F.3d 1098 (9th Cir. 2013) ..............................................................................23

*In re Providian Credit Card Cases*,
  96 Cal. App. 4th 292 (2002) ................................................................................18

*Info. Control v. Genesis One Computer Corp.*,
  611 F.2d 781 (9th Cir. 1980) ..................................................................................8

*Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*,
  12 F. Supp. 2d 1035 (C.D. Cal. 1998) ................................................................10

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

vi

1

**Cases** (cont.)                                                                          Page(s)

2

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*,

3

  90 Cal. Rptr. 3d 247 (2009) .................................................................22

4

*Kendall v. Visa U.S.A., Inc.*,

5

  518 F.3d 1042 (9th Cir. 2008) ..............................................................5

6

*Kohn v. Jaymar-Ruby, Inc.*,

7

  23 Cal. App. 4th 1530 (1994) ..............................................................15

8

*Kwikset Corp. v. Superior Court*,

9

  51 Cal. 4th 310 (2011) .........................................................................23

10

*Lycoming Engines v. Superior Air Parts, Inc.*,

11

  2014 WL 1976757 (N.D. Tex. May 15, 2014) ....................................17

12

*Mann v. Quality Old Time Service, Inc.*,

13

  120 Cal. App. 4th 90 (2004) ................................................................10

14

*Mattel, Inc. v. MGA Entm't, Inc.*,

15

  782 F. Supp. 2d 911 (C.D. Cal. 2011) .................................................16

16

*McHenry v. Renne*,

17

  84 F.3d 1172 (9th Cir. 1996) ................................................................4

18

*McKell v. Washington Mut., Inc.*,

19

  142 Cal. App. 4th 1457 (2006) ............................................................13

20

*Meyers Associates, L.P. v. Conolog Corp.*,

21

  859 N.Y.S.2d 904, 2008 WL 711702 (N.Y. Sup. Ct. 2008) ...........18, 19

22

*Mountain View Surgical Ctr. v. Cigna Health Corp.*,

23

  2015 WL 5456592 (C.D. Cal. Sept. 17, 2015) ...............................12, 14

24

*Mountain View Surgical Ctr.*,

25

  2015 WL 519066 ..................................................................................14

26

*Nam v. Alpha Floors, Inc.*,

27

  2017 WL 11635994 (C.D. Cal. Jan. 4, 2017) ......................................10

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

DEFENDANT DENTIN GARRETT'S RULE 12(b)(6) MOTION TO DISMISS

1

<u>Cases</u> (cont.)                                                          <u>Page(s)</u>

2

*Odom v. Microsoft Corp.,*
3      486 F.3d 541 (9th Cir. 2007) ...............................................................23

4

*Okwu v. McKim,*
5      682 F.3d 841 (9th Cir. 2012) .................................................................5

6

*Pegasus Trucking, LLC v. Asset Redeployment Grp., Inc.,*
7      2021 WL 1234879 (C.D. Cal. Feb. 16, 2021) .....................................23

8

*PQ Labs, Inc. v. Yang Qi,*
9      2014 WL 4954161 (N.D. Cal. 2014) ...................................................19

10

*Qpid.me, Inc. v. Schrom,*
11     2013 WL 4833990 (S.D. Cal. Sept. 9, 2013)......................................17

12

*Robins v. Zwirner,*
13     713 F. Supp. 2d 367 (S.D.N.Y. 2010) ................................................15

14

*Rodriguez v. Panayiotou,*
15     314 F.3d 979 (9th Cir. 2002) .................................................................8

16

*Rutman Wine Co. v. E. & J. Gallo Winery,*
17     829 F.2d 729 (9th Cir. 1987) .................................................................3

18

*S. Cal. Inst. of Law v. TCS Educ. Sys.,*
19     2011 WL 1296602 (C.D. Cal. Apr. 5, 2011) ......................................17

20

*Seelig v. Infinity Broad. Corp.,*
21     97 Cal. App. 4th 798 (2002) .................................................................8

22

*Space Data Corp. v. X,*
23     2017 WL 5013363 (N.D. Cal. Feb. 16, 2017) ....................................17

24

*Stilwell Dev. Inc. v. Chen,*
25     1989 WL 418783 (C.D. Cal. Apr. 25, 1989) ...........................20, 21, 22

26

*Threshold Enterprises Ltd. v. Pressed Juicery, Inc.,*
27     445 F. Supp. 3d 139 (N.D. Cal. 2020) ................................................20

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

**<u>Cases</u> (cont.)** **<u>Page(s)</u>**

*TYR Sport, Inc. v. Warnaco Swimwear, Inc.*,
   679 F. Supp. 2d 1120 (C.D. Cal. 2009) ...................................................6

*Underwager v. Channel 9 Australia*,
   69 F.3d 361 (9th Cir. 1995) ..................................................................8

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ........................................................4, 24

*Vitec Elecs. Corp. v. Veris Indus., LLC*,
   2021 WL 5937336 (Cal. Ct. App. Dec. 16, 2021) ..............................15

*VSL Corp. v. Gen. Techs., Inc.*,
   1998 WL 124208 (N.D. Cal. Jan. 5, 1998) .........................................22

*Wang v. Golf Tailor*,
   2017 WL 2861111 (N.D. Cal. July 5, 2017) .......................................20

*Waymo LLC v. Uber Techs., Inc.*,
   256 F. Supp. 3d 1059 (N.D. Cal. 2017) .............................................24

*Whiteslate, LLP v. Dahlin*,
   2021 WL 2826088 (S.D. Cal. July 7, 2021) ..................................17, 24

*Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*,
   898 F.3d 1279 (11th Cir. 2018) .........................................................19

*Zixiang Li v. Kerry*,
   710 F.3d 995 (9th Cir. 2013) ...............................................................4

*Zomm, LLC v. Apple Inc.*,
   391 F. Supp. 3d 946 (N.D. Cal. 2019) ..........................................22, 24

**<u>Statutes</u>**

Cal. Bus. & Prof. Code § 17200 .......................................................3, 23

Cal. Bus. & Prof. Code § 17204 ...........................................................23

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Statutes** (cont.)                                                          **Page(s)**

Cal. Civ. Code § 1624(a)(1) ........................................................................14

Cal. Civ. Code § 3426............................................................................1, 3, 15, 21

Cal. Civ. Code § 3426.1(d) ........................................................................16

Cal. Civ. Code § 3426.1(d)(2) ........................................................................18, 21

**Rules**

Fed. R. Civ. P. 8........................................................................................4

Fed. R. Civ. P. 9(b).............................................................................4, 6, 23, 25

Fed. R. Civ. P. 9(g)...................................................................................9

Fed. R. Civ. P. 12(b)(6) ........................................................................2, 3, 4

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN THAT that on July 1, 2022, at 1:30 p.m. PST or as soon thereafter as this motion may be heard before the Honorable Fernando L. Aenlle-Rocha in Courtroom 6B, First Street Courthouse, 3501 West 1st Street, Los Angeles, California, defendant Dentin Garrett will and hereby does move to dismiss Counts II through VII of Plaintiff Weather Report LLC's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as well as for fees and costs incurred in the bringing of this motion pursuant to Cal. Civ. Code § 3426.4.

This motion is made following the conference of counsel pursuant to LCivR 7-3, which took place telephonically on May 26, 2022.

## STATEMENT OF RELIEF SOUGHT

Defendant Dentin Garrett seeks an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing with prejudice Counts II through VII of Plaintiff Weather Report LLC's First Amended Complaint for failure to state a claim upon which relief can be granted. Further, as Count V is an objectively specious misappropriation claim made in bad faith, Mr. Garrett respectfully requests that he be awarded his attorneys' fees and costs incurred in the bringing of this motion pursuant to Cal. Civ. Code § 3426.4.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant and Counterclaim-Plaintiff[1] Dentin Garrett ("Mr. Garrett") hereby moves to dismiss Counts II through VII of the First Amended Complaint, ECF 11 ("FAC"), filed by Plaintiff and Counterclaim-Defendant Weather Report LLC ("Weather Report").

Weather Report reached out to Mr. Garrett, a digital illustrator, for the purpose of selling his art as non-fungible tokens ("NFTs"). However, Weather Report precluded him from joining its project, instead opting to brazenly copy Mr. Garrett's illustrations and sell the infringing artwork. Mr. Garrett attempted to enforce his intellectual property rights by demanding on multiple occasions that Weather Report cease and desist its use and sale of his art. In retaliation, Weather Report initiated this lawsuit, veiling their infringement with unfounded allegations of "racist rhetoric," ECF 11 ¶ 7, and legally untenable claims.

For the reasons set forth below, Mr. Garrett respectfully requests that the Court grant this Motion and dismiss Counts II through VII of Weather Report's FAC with prejudice. Culling these unsupportable distractions from the case would allow the parties to focus efforts on Weather Report's remaining claim for a declaratory judgment of non-infringement and Mr. Garrett's parallel counterclaim for copyright infringement as well as his claim for defamation per se.

## II.    BACKGROUND

As required by Rule 12(b)(6), this Motion assumes Weather Report's allegations to be true. Mr. Garrett will vigorously contest Weather Report's narrative as this lawsuit proceeds.

Weather Report reached out to Mr. Garrett for the purpose of selling his art as NFTs at some time before December 25, 2021. ECF 11 ¶ 24. According to Weather

---

[1] Concurrent with this Motion, Mr. Garrett submits a Partial Answer, Affirmative Defenses, and Counterclaims for copyright infringement and defamation.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

1  Report, Mr. Garrett was offered and agreed to an unspecified flat fee in exchange for

2  his services. *Id*. ¶ 25. Mr. Garrett authored a number of illustrations in connection

3  with the NFT project through at least January 12, 2022. *Id*. ¶ 25.

4          When Weather Report offered Mr. Garrett an "extremely generous" 5% stake

5  in the sale of his art, *id*. ¶ 27, he attempted to negotiate but was precluded from joining

6  the Weather Report project in earnest, *id*. ¶ 5. Nonetheless, Weather Report moved

7  forward with its plan to sell Mr. Garrett's art as NFTs. *See id*. ¶ 7. Weather Report

8  does not allege that Mr. Garrett executed a work-for-hire agreement. *See generally id*.

9          On March 4, 2022, Weather Report filed an action for a declaratory judgment

10 of non-infringement. ECF 1. On May 16, before Mr. Garrett interposed his

11 Counterclaims,[2] Weather Report amended its pleading as of right, asserting seven

12 claims: (1) a declaratory judgment of non-infringement, ECF 11 ¶¶ 31–38; (2) trade

13 libel, *id*. ¶¶ 39–43; (3) breach of an oral and implied contract, *id*. ¶¶ 44–51; (4)

14 promissory fraud, *id*. ¶¶ 52–59; (5) misappropriation of trade secrets under

15 California's Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *id*. ¶¶ 60–65; (6)

16 statutory unfair competition, Cal. Bus. & Prof. Code § 17200, *id*. ¶¶ 66–73; and

17 common law unfair competition, *id*. ¶¶ 74–76.

18         For the reasons set forth below, Counts II through VII of Weather Report's

19 First Amended Complaint should be dismissed with prejudice.

20 **III.    LEGAL STANDARD**

21         A party may file a motion to dismiss a complaint for "failure to state a claim

22 upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of Rule

23 12(b)(6) is to enable a defendant to challenge the legal sufficiency of the claims

24 asserted in the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729,

25 738 (9th Cir. 1987). A district court properly dismisses a claim under Rule 12(b)(6)

26 if the complaint fails to allege sufficient facts "to support a cognizable legal theory."

27
28 ---
[2] Mr. Garrett waived service on March 18, 2022. Thus, the deadline for him to answer
   or otherwise respond to the initial Complaint was May 17.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

*Caltex Plastics, Inc. v. Lockheed Martin Corp*, 824 F.3d 1156, 1159 (9th Cir. 2016). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc*., 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)).

Rule 12(b)(6) is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. *Zixiang Li v. Kerry*, 710 F.3d 995, 998–99 (9th Cir. 2013). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). A court has discretion to dismiss for failure to comply with the requirements of Rule 8 even when the complaint is not "wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Finally, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation, quotations omitted). A motion to dismiss for failure to comply with Rule 9(b) "is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

Dismissal without leave to amend is appropriate where "the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Whether to dismiss with prejudice is discretionary. *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012).

## IV.   ANALYSIS AND ARGUMENT

### A.   <u>Weather Report Cannot Maintain a Trade Libel Claim</u>

Weather Report's trade libel claim fails for three reasons. First, Weather Report's allegations fall far short of the heightened pleading standard applicable to such claims. Second, the claim is not founded on objective statements of fact but, rather, rhetorical hyperbole and a lay person's legal conclusions in the context of a public dispute over intellectual property rights. As such, the alleged statements are opinions and cannot be false. Third, Weather Report did not and cannot plead special damages as a matter of law.

Weather Report's trade libel arises from Mr. Garrett allegedly "stating that Weather Report's NFT project incorporated his original artwork which had been misappropriated by Weather Report." ECF 11 ¶ 40. According to the FAC, the alleged statement was false because Mr. Garrett "was well aware that no copyright infringement had occurred or would occur if Weather Report followed through with its plans as it did." *Id*. ¶ 41. Weather Report claims it "suffered direct financial harm because others relied on Defendant Dentin Garrett's false statements." *Id*. ¶ 42.

Under California law, "trade libel is an intentional disparagement *of the quality of property*,[3] which results in pecuniary damage." *Films of Distinction, Inc. v.*

---

[3] In the "Introduction" portion of the FAC, Weather Report vaguely alleges that Mr. Garrett "played on racial tropes, shouting claims that Weather Report principals were 'untrustworthy,' dishonest, exploitative of its workers, and abusive towards women." ECF 11 ¶ 6. This allegation is not referenced in Weather Report's claim for trade libel, *id*. ¶¶ 39–43, other than by the generic incorporation of all prior paragraphs of the FAC, *id*. ¶ 39, which is an ineffective form of "shotgun pleading." *See Aziz v. Leach*, 2018 WL 6017024, at *4 (C.D. Cal. Feb. 20, 2018) (reasoning

*Allegro Film Prod., Inc.*, 12 F. Supp. 2d 1068, 1081 (C.D. Cal. 1998) (emphasis added). To state a claim for trade libel, a plaintiff must show "(1) a statement that (2) was false, (3) disparaging, (4) published to others in writing, (5) induced others not to deal with it, and (6) caused special damages." *TYR Sport, Inc. v. Warnaco Swimwear, Inc.*, 679 F. Supp. 2d 1120, 1140 (C.D. Cal. 2009).

The Supreme Court of California has recognized that construing the elements of a trade libel claim too broadly would lead to "vexatious lawsuits over perceived slights" between competitors. *See Hartford Cas. Ins. Co. v. Swift Distrib., Inc*., 59 Cal. 4th 277, 294 (2014) (internal quotations omitted). As a result, certain elements of trade libel claims require specific allegations, and federal courts either apply Rule 9(b) or "some sort of heightened pleading standard to trade libel claims." *G.U.E. Tech, LLC v. Panasonic Avionics Corp.*, 2015 WL 12696203, at *4 (C.D. Cal. Sept. 15, 2015).

### 1.   The FAC does not disclose the allegedly libelous statement(s) nor any surrounding context

Applying the heightened pleading standard, federal courts regularly dismiss trade libel claims where, as here, the pleading fails to identify the specific statement at issue and provide basic context, such as—for each statement—the time, location, place/medium of publication, and recipients of the statement. *See, e.g.*, *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 937 (N.D. Cal. 2008) ("Nothing in the [pleading] gives any indication of who … made the allegedly libelous statements, to whom they made those statements, when they made the statements, or what exactly they said. Without this information, the claim is

---

that a plaintiff "should clearly and concisely set forth the factual allegations pertaining to the events that give rise to each separate claim"). Nonetheless, Weather Report's trade libel claim fails to the extent it rests on such statements because they do not concern Weather Report's goods or services. *See Hellenic Petroleum, LLC v. Sacramento Energy Res., LLC*, 2019 WL 4747794, at *4 (E.D. Cal. Sept. 30, 2019).

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

deficient."); *Code Rebel, LLC v. Aqua Connect, Inc.*, 2013 WL 5405706, at *4 (C.D. Cal. Sept. 24, 2013).

Here, the allegedly libelous statement is, at best, paraphrased: "the greatly injurious falsehood that Weather Report's NFT project incorporated his original artwork which has been misappropriated by Weather Report." ECF 11 ¶ 40. This is not "what exactly was said," as necessary to plead a claim for trade libel. *First Advantage Background Servs.*, 569 F. Supp. 2d at 937. And the FAC is devoid of any other information pertaining to the statement: the time of the statement is not pleaded; the recipients of the statement are not identified; and the location or medium of the statement—*e.g.*, Twitter—is not specified. Indeed, the FAC implies there are numerous statements at issue without specifying the foregoing information for any. *See, e.g.*, ECF 11 ¶ 6 ("He spitefully followed through with his threat of a smear campaign."). Weather Report's claim for trade libel should be dismissed on this basis.

### 2.   The allegedly libelous statements cannot be "false" because they are rhetorical legal opinions of a layperson rather than objective statements of fact

A statement of opinion is not a statement of fact and, therefore, a statement of opinion is not actionable as trade libel. *See Global Telemedia Int'l, Inc. v. Doe 1*, 132 F. Supp. 2d 1261, 1266–67 (C.D. Cal. 2001). The determination of whether an allegedly defamatory statement constitutes fact or opinion is a question of law for the Court. *Good Government Group of Seal Beach, Inc. v. Superior Court*, 22 Cal. 3d 672, 680 (Cal. 1978).

To determine whether a statement is sufficiently factual to be actionable as trade libel, a court considers the totality of the circumstances and employs a three-part test: first, a court looks at the statement in its "broad context," analyzing the "general tenor"; second, a court looks at the "specific context and content of the statement," analyzing the "reasonable expectations" of the audience; third, a court examines whether the statement is "sufficiently factual to be susceptible of being

FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

proved true or false." *Underwager v. Channel 9 Australia*, 69 F.3d 361, 366 (9th Cir. 1995). Under this framework, a cause of action will not lie for "generalized accusations, subjective comments, or other 'classic rhetorical hyperbole.'" *Rodriguez v. Panayiotou*, 314 F.3d 979, 987 (9th Cir. 2002) (quoting *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 810 (2002)).

The Ninth Circuit has counseled that comments made in the context of a public dispute or debate should be viewed as "spirited critique" rather than objective fact because the audience "would expect emphatic language on both sides." *Underwager*, 69 F.3d at 366–67. Specifically, "the audience may anticipate efforts by the parties to persuade others to their position by use of epithets, fiery rhetoric or hyperbole, [and thus] language which generally might be considered as statements of fact may well assume the character of statements of opinion." *Info. Control v. Genesis One Computer Corp.*, 611 F.2d 781, 784 (9th Cir. 1980); *see also* ECF 11 ¶ 5 (alleging a "sophisticated audience" of Mr. Garrett's alleged statement). Here, the FAC alleges that Mr. Garrett made the libelous statement(s) in the context of, and for the purpose of advancing, a live public controversy: "Dentin quite cleverly saw that *the controversy surrounding the parties' dispute*, and getting his false sob story out first, could be a recipe for great success for his 'rival' NFT project." ECF 11 ¶ 7 (emphasis added).

Further, Weather Report's trade libel claim rests on Mr. Garrett's allegations of intellectual property violations—the veracity of which is a quintessential question of law. Mr. Garrett is "[a] talented artist," ECF 11 ¶ 3, not an attorney or judge. A layperson's legal opinion cannot be actionable as a false statement of fact. *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 905 (9th Cir. 2007) (assertion by layperson that defendant "lacked trademark rights ... cannot be considered a false statement of fact"); *Rodriguez v. Panayiotou*, 314 F.3d 979, 986 (9th Cir. 2002) ("[A]s a layperson, Michael's allegations of entrapment cannot constitute defamation under California law.").

FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

In light of the foregoing, district courts reject trade libel claims where, as here, they are founded upon public statements concerning "misappropriat[ion]," *id*. ¶ 40, or "infringement," *id*. ¶ 41, of intellectual property in the context of a public dispute because the audience would view such statements as nothing more than generalized accusations and rhetorical hyperbole—not objective statements of fact. *See, e.g.*, *HGCI, Inc. v. Luxx Lighting, Inc*., 2020 WL 5913851, at *4 (C.D. Cal. Sept. 1, 2020) (dismissing trade libel claims with prejudice where statements included an allegation of "patent infringement" and that competitor's goods were "knockoffs"); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 2013 WL 3460707, at *5–6 (N.D. Cal. July 9, 2013) (granting summary judgment where defendant's statements that plaintiff infringed on its intellectual property rights "might be provable as true or false after a lengthy jurisdiction-sensitive lawsuit, but ... [defendant's] statements were merely expressions of opinion, not assertions of objective fact"); *de Cordova v. MCG Nevada, Inc.*, 2011 WL 13221009, at *4 (C.D. Cal. Nov. 29, 2011) (dismissing trade libel claims with prejudice where defendant stated that competitor's product was a "rip-off"); *Considering Homeschooling v. Morningstar Educ. Network*, 2008 WL 11413459, at *4 (C.D. Cal. Aug. 6, 2008) (granting summary judgment where party's "statements regarding their exclusive ownership of the trademark and the [competitor's] alleged infringe[ment] of that mark were interpretations of trademark law that are opinion statements, not statements of fact").

### 3. Weather Report cannot establish special damages because it was a new business and because its collection "sold out"

Weather Report's trade libel claim also fails because it did not "allege facts demonstrating special damages." *Code Rebel, LLC*, 2013 WL 5405706, at *5; *see also* Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated."). To plead special damages, a plaintiff must "allege[] facts showing an established business, the amount of sales for a substantial period preceding the publication, the amount of sales subsequent to the publication, [and] facts showing

that such loss in sales were the natural and probable result of such publication[.]" *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1047 (C.D. Cal. 1998); *see also First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 938 (N.D. Cal. 2008) (dismissing a trade libel claim where the plaintiff did not allege the amount of business it had before and after the alleged libelous statements). Put another way, a plaintiff must "identify particular customers and transactions of which it was deprived as a result of the libel." *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th 90, 109 (2004).

Weather Report did not meet this standard. Rather, it merely avers that it "suffered direct financial harm because others relied on Defendant Dentin Garrett's false statements." ECF 11 ¶ 42. District courts regularly dismiss trade libel claims supported by such formulaic allegations. *See, e.g.*, *Nam v. Alpha Floors, Inc.*, 2017 WL 11635994, at *6 (C.D. Cal. Jan. 4, 2017) ("Plaintiffs make the bare allegation that they 'have incurred damages in the loss of current and future customers' …. Such general pleading is insufficient."); *BHRS Grp., LLC v. Brio Water Tech., Inc.*, 2020 WL 9422352, at *6 (C.D. Cal. Dec. 14, 2020); *GOLO, LLC v. Higher Health Network, LLC*, 2019 WL 446251, at *11 (S.D. Cal. Feb. 5, 2019).

The trade libel claim should be dismissed with prejudice because Weather Report is barred from pleading special damages for two reasons: ***First***, Weather Report cannot plead "facts showing an established business [and] the amount of sales for a substantial period preceding the publication," *Isuzu Motors*, 12 F. Supp. 2d at 1047, because Weather Report did not conduct any business preceding the alleged publication. *Cf. Garon v. eBay, Inc.*, 2011 WL 6329089, at *8 (N.D. Cal. Nov. 30, 2011) (motion to dismiss granted with prejudice where business was shut down before publication of libelous statement because plaintiff lacked ability to prove special damages). The FAC establishes that Weather Report was "originally conceived as a clothing collection" but that "Weather Report pivoted to the idea of a weather-themed 10,000-character profile picture NFT Collection" and, consequently, engaged Mr.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

Garrett for his art. ECF 11 ¶¶ 2–3. The FAC goes on to note that Mr. Garrett got "his false sob story out first … *before* the Weather Report public mint." *Id.* ¶¶ 7–8 (emphasis added). Put another way, Mr. Garrett is alleged to have published the statements before Weather Report "minted"—*i.e.*, sold—the NFT collection and, therefore, before it conducted any business whatsoever. ***Second***, Weather Report cannot plead and prove a loss in sales because the FAC confirms that the "weather-themed 10,000-character profile picture NFT Collection," ECF 11 ¶ 2, in fact, "sold out," *id*. ¶ 6. Due to these claim-dispositive admissions, Weather Report's trade libel claim should be dismissed with prejudice.

### B.     The Breach of Contract Claim is Untenable

Weather Report's claim for Mr. Garrett's alleged breach of a "both oral and implied" contract, ECF 11 ¶ 46, fails for a number of reasons. First, oral and implied contracts are inconsistent theories that can only be asserted in the alternative. Second, any oral/implied exchange of Mr. Garrett's services for an unspecified "flat fee" is too vague to support contract formation. Third, even if definite terms existed, Weather Report concedes it did not pay a flat fee and has not offered an excuse for nonperformance. Fourth, the alleged breach arises from a belated confidentiality agreement, for which Mr. Garrett was not offered independent consideration. Finally, the statute of frauds precludes enforcement of the confidentiality agreement because it could not be performed within one year.

> ### 1.     Weather Report has failed to plead the existence of any contract between the parties because a contract requires more than vague oral and implied terms

Weather Report's allegations fall well below what is necessary to establish the existence of a contract. Initially, the law does not recognize an express *and* implied contract. Second, an agreement for an unspecified flat fee is far too indefinite to be enforceable.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

"Contract formation requires mutual consent, which cannot exist unless the parties agree upon the same thing in the same sense." *Bustamante v. Intuit, Inc*., 141 Cal. App. 4th 199, 208 (2006). "To be enforceable, a promise must be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Id.* at 209.

Weather Report alleges that "[t]he parties' agreement was *both* oral and implied." ECF 11 ¶ 28 (emphasis added). However, breach of an oral contract and breach of an implied contract are mutually inconsistent theories of relief that may only be pleaded in the alternative. *See Mountain View Surgical Ctr. v. Cigna Health Corp*., 2015 WL 5456592, at *2 (C.D. Cal. Sept. 17, 2015) (dismissing claim where pleading did "not adequately distinguish the breach of express, oral contract claim from the incompatible breach of implied contract claim"). The breach of contract claim warrants dismissal for this reason alone.

Beyond Weather Report's faulty theory of contract formation, one cannot plead the existence of an oral or implied contract for monetary compensation if the amount of such compensation is not disclosed, as it is a material term to which the parties must mutually assent. For example, in *Heller v. Adobe Systems, Inc*., the plaintiff agreed to provide "valuable information to Adobe about alleged copyright infringers." 2016 WL 2996938, at *1 (N.D. Cal. May 25, 2016). Although the plaintiff alleged that "Adobe promised to pay him orally" for such information, he "did not specify what amount." *Id.* at *2. Because the allegations did not "set forth when [the plaintiff] was supposed to release this information, to whom, and when Adobe should have paid him, or how much," the court dismissed the breach of contract claim and denied leave to amend. *Id.*

Here, Weather Report merely alleges an agreement consisting of Mr. Garrett's promise to "help[] with illustrations for the Weather Report NFT project" in exchange for an unspecified "flat fee." ECF 11 ¶¶ 24–25. Like in *Heller*, Weather Report does

not allege when Mr. Garrett was to be paid or the amount of such flat fee. Absent such material information—*i.e.*, the consideration exchanged for Mr. Garrett's alleged agreement to provide art—Weather Report has not adequately pleaded the existence of a contract. Therefore, the Court should dismiss the breach of contract claim due to a lack of definite terms.

### 2.   Weather Report does not establish its performance under the alleged contract or offer an excuse for its failure to perform

With respect to the second element necessary to plead a breach of contract claim, Weather Report fails to assert either its performance under the alleged contract (*i.e.*, payment of the "flat fee") or an excuse for failure to perform. *See McKell v. Washington Mut., Inc*., 142 Cal. App. 4th 1457, 1489 (2006). Weather Report does allege it "performed all material obligations it had under the parties' contract." ECF 11 ¶ 49. But this is a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Rather than support this element with specific allegations, Weather Report instead avers that its principals "decided to reward Dentin Garrett by offering him a financial participation in the project, *rather than a flat fee* as previously agreed." ECF 11 ¶ 26 (emphasis added). As such, Weather Report has not effectively pleaded its performance under the contract or an excuse for its alleged failure to perform, warranting dismissal of this claim.

### 3.   Weather Report has failed to plead the existence of a contract governing confidentiality due to a lack of independent consideration

Even if the FAC establishes the existence of *a* contract, Weather Report merely alleges an agreement arising "before Christmas, 2021," consisting of Mr. Garrett's promise to "help[] with illustrations for the Weather Report NFT project" in exchange for a "flat fee." ECF 11 ¶¶ 24–25; *see also id*. ¶ 45 (stating this exchange occurred "[a]fter a meeting in December, 2021"). However, the breach of contract claim rests on Weather Report's allegation that Mr. Garrett "failed to maintain the confidentiality

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

of Weather Report's NFT project." *Id*. ¶ 47. According to the FAC, this vague[4] confidentiality promise was a "partly oral and partly implied term of the contract,"[5] *id*. ¶ 28, that was either made "[i]n a phone call occurring on January 12, 2022," *id*. ¶ 25, or during other, undisclosed "meetings in early 2022," *id*. ¶ 28; *see also id* ¶ 54. In either circumstance, Mr. Garrett is alleged to have made this confidentiality promise well after the initial exchange of promises occurring "before Christmas, 2021." *Id*. ¶ 24; *see also id*. ¶ 45. As such, the belated promise to keep Weather Report's "themes" and "ideas" confidential fails for lack of consideration. *Mountain View Surgical Ctr.*, 2015 WL 519066, at *2 (dismissing a claim for breach of oral contract where there was a "lack of clarity" regarding consideration).

### 4.    The alleged confidentially agreement is unenforceable under the statute of frauds

The statute of frauds renders unenforceable any oral agreement that cannot be performed within a year. Cal. Civ. Code § 1624(a)(1). Here, Weather Report alleges "the contract was that Weather Report's ideas for the project … were to be held in strict confidence, and not *used or disclosed* by Dentin except for the benefit of the project …." ECF 11 ¶ 28 (emphasis added). By the plain terms of this agreement, Mr. Garrett was incapable of performing in a year as his promise to not "use or disclose"

---

[4] Mr. Garrett also contends that a term by which he was to keep confidential "Weather Report's ideas for the project, including *ideas* relating to artwork and the weather/emotion *theme*," ECF ¶ 28 (emphasis added), is too vague to establish a contract because it is not "definite enough that a court can determine the scope of the duty." *Bustamante*, 141 Cal. App. 4th at 209. What is the scope of "ideas relating to artwork" and the "weather/emotion theme"? For how long was Mr. Garrett bound to keep this information confidential? What constitutes "use" of the ideas and theme?

[5] As set forth *supra*, oral and implied contracts are inconsistent theories that are sufficient only if pleaded in the alternative. *See Mountain View Surgical Ctr.*, 2015 WL 5456592, at *2. As such, even if Weather Report can establish that the alleged confidentiality agreement was supported by sufficient consideration and not impermissibly vague, it is nonetheless insufficiently pleaded.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

the "ideas for the project" is not temporally limited. Court regularly hold that such oral agreements are unenforceable. *See, e.g.*, *Vitec Elecs. Corp. v. Veris Indus., LLC*, 2021 WL 5937336, at *9 (Cal. Ct. App. Dec. 16, 2021) ("[A]ny oral confidentiality agreement would have been barred by the statute of frauds.") (unpublished); *Robins v. Zwirner*, 713 F. Supp. 2d 367, 375 (S.D.N.Y. 2010) (enforcement of oral confidentiality agreement between art patron and art dealer which required dealer never to disclose patron's sale of artist's painting was barred by statute of frauds). *Cf. Kohn v. Jaymar-Ruby, Inc.*, 23 Cal. App. 4th 1530, 1534 (1994) (finding oral confidentiality agreement enforceable despite statute of frauds only because it was "stipulated to by the parties before the court following a judicially mandated and supervised settlement conference"). Therefore, even if the Court concluded that a confidentiality agreement existed, it would be unenforceable, and the Court should dismiss the breach of contract claim accordingly. *Campillo v. Dovenmuehle Mortg., Inc.*, 2015 WL 13425122, at *5 (C.D. Cal. Jan. 20, 2015), *aff'd*, 677 F. App'x 325 (9th Cir. 2017) (dismissing a breach of contract claim with prejudice because the alleged agreement was unenforceable under the statute of frauds).

## C. <u>The Trade Secret Claim Fails as a Matter of Law</u>

Weather Report's fifth claim is for violation of California's Uniform Trade Secrets Act, Cal. Civ. Code § 3426 ("CUTSA"). ECF 11 ¶¶ 60–65. The Court should dismiss the CUTSA claim with prejudice for three reasons. First, Weather Report's generalized pleading fails to identify information protectable under trade secrets law. Second, Weather Report concedes that it failed to implement any measures to protect its purportedly sensitive information. Third, Weather Report voluntarily disclosed the "ideas" and "theme" for the artwork to the public prior to any misappropriation, when it posted the illustrations to its Twitter feed.

To state a claim under CUTSA, a plaintiff must demonstrate: "(1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the

plaintiff." *Cytodyn, Inc. v. Amerimmune Pharms., Inc.*, 160 Cal. App. 4th 288, 297 (2008). CUTSA defines a trade secret as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d).

### 1. The alleged trade secrets are not identified with the requisite particularity

Vague, unsupported and conclusory allegations are insufficient to plead a protected trade secret under California law. *See GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*, 2015 WL 12731920, at *11 (C.D. Cal. Sept. 21, 2015) ("In an action under CUTSA, it is imperative that the alleged trade secrets be specifically identified."). A plaintiff "must clearly identify what the 'thing' is that is alleged to be a trade secret" and "must be able to clearly articulate why that 'thing' belongs in the legal category of trade secret." *Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1015 (E.D. Cal. 2011).

Weather Report seeks trade secret status for the following: "work products (including, but not limited to, original artwork, designs, brand strategies, concepts, and proprietary analytics), and customer leads …." ECF 11 ¶ 61. And earlier in the FAC, Weather Report purports the following was the subject of the alleged "partly oral and partly implied" confidentiality agreement: "the ideas relating to artwork and the weather/emotion theme." *Id.* ¶ 28.

Weather Report's attempt to allege a trade secret is hopelessly vague and falls far short. *See* ECF 11 ¶¶ 28, 61. The allegations are in the broadest terms possible and include essentially anything related to its business—*i.e.*, the idea for weather/emotion-themed artwork. This is woefully insufficient. *See, e.g.*, *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 911, 967 (C.D. Cal. 2011). Weather Report's

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

boilerplate and generalized allegations make it impossible for Mr. Garrett, or this Court, to distinguish any purported trade secrets "from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade," and to ascertain "the boundaries within which the secret lies." *Id.*

Indeed, Weather Report's sweeping and conclusory categories of claimed trade secrets are precisely the type of "vague hand waiving" that courts do not condone. *See Agency Solutions.Com*, 819 F. Supp. 2d at 1015. Courts routinely dismiss misappropriation claims where the plaintiff similarly fails to identify the purported trade secret with requisite specificity. *See, e.g.*, *Whiteslate, LLP v. Dahlin*, 2021 WL 2826088, at *6 (S.D. Cal. July 7, 2021) (dismissing misappropriation claim where alleged trade secrets comprised "contracts, document templates, and other work-product, as well as Slate's client list and database"); *Space Data Corp. v. X*, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017) (dismissing misappropriation claim where plaintiff "merely provide[d] a high-level overview of [plaintiff's] purported trade secrets"); *GeoData Sys. Mgmt.*, 2015 WL 12731920, at *12 (dismissing misappropriation claim where alleged trade secret was "all information regarding [plaintiff's] product, its applications, its customers, its improvements, its problems and issues"); *Qpid.me, Inc. v. Schrom*, 2013 WL 4833990, at *5 (S.D. Cal. Sept. 9, 2013) (dismissing misappropriation claim where the "contemplated trade secret is not evident from the phrase 'business plans and strategies'"); *S. Cal. Inst. of Law v. TCS Educ. Sys.*, 2011 WL 1296602, at *7 (C.D. Cal. Apr. 5, 2011) (dismissing misappropriation claim where plaintiff identified a number of documents but failed to identify which documents contained trade secrets and failed to described them "with sufficient particularity to separate [them] from matters of general knowledge"); *Lycoming Engines v. Superior Air Parts, Inc.*, 2014 WL 1976757, at *8 (N.D. Tex. May 15, 2014) (granting motion to dismiss where plaintiff identified "drawings" without any additional specificity).

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

### 2.   Weather Report did not take reasonable efforts to maintain the secrecy of the alleged trade secrets

Secrecy is the *sine qua non* of information that is protectable as a trade secret. *Altavion, Inc. v. Konica Minolta Sys. Lab., Inc*., 226 Cal. App. 4th 26, 57 (2014) (citations omitted). As such, to be eligible for protection under CUTSA, a "trade secret" must be "subject [to] efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d)(2). "If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished." *Altavion, Inc.*, 226 Cal. App. 4th at 57 (quoting *In re Providian Credit Card Cases*, 96 Cal. App. 4th 292, 304 (2002)).

***First***, Weather Report alleges "Mr. Garrett joined Weather Report's NFT project for a two-week period." ECF 11 ¶ 2. The relationship was formed "[j]ust before Christmas, 2021," when Weather Report engaged Mr. Garrett to see "if he wanted to earn some extra money on the side by helping with illustrations for the Weather Report NFT project[.]" *Id.* ¶ 24. Weather Report concedes it furnished the purportedly trade secret information during this period. *See, e.g.*, *id.* ¶¶ 5, 7. However, Weather Report did not "confirm[]" the purported confidentiality agreement until "a phone call occurring on January 12, 2022[.]" *Id.* ¶ 25; *see also id.* ¶ 54 (stating "Dentin Garrett made these promises … *in January 2022*") (emphasis added). Thus, Weather Report disclosed the information to Mr. Garrett before the alleged "partly oral and partly implied" confidentiality agreement.

***Second***, the alleged confidentiality agreement was unenforceable for myriad reasons, discussed *supra* at IV.B. Even if Weather Report alleged the confidentiality agreement was in place prior to its disclosure of the trade secrets, Mr. Garrett was nonetheless under "no obligation to protect the confidentiality of the information[.]" *Altavion, Inc.*, 226 Cal. App. 4th at 57. The present case is not materially distinguishable from *Meyers Associates, L.P. v. Conolog Corp*., 859 N.Y.S.2d 904,

2008 WL 711702 (N.Y. Sup. Ct., Comm. Div. 2008), *aff'd*, 61 A.D.3d 547 (First Dept. 2009). There, in a well-reasoned decision affirmed on appeal, the court held that disclosure under an unenforceable oral nondisclosure agreement precluded a misappropriation claim:

> [E]ven if Meyers' list constituted a trade secret, its confidentiality was lost when Meyers voluntarily disclosed the list to Conolog in the October 28 letter, without the protection of an enforceable written agreement not to disclose or solicit. Meyers contends that the October 28 letter memorializes an oral promise not to disclose or solicit for two years. Conversely, Conolog contends that it never discussed or agreed to such conditions. Because the Statute of Frauds requires a writing "subscribed by the party to be charged therewith" for contracts that cannot be performed within one year, these contentions have no bearing on the instant analysis.

*Id.* at *4. This reasoning is sound and should be applied here, where Weather Report's attempt to maintain the secrecy of its trade secret "theme" and artwork "ideas" amounted to a belated, unenforceable, "partly oral and partly implied" confidentiality agreement.

**Third**, one factor tending to show reasonable efforts to secure trade secrets is the existence of "secure servers" for electronically stored information. *See PQ Labs, Inc. v. Yang Qi*, 2014 WL 4954161, at *6 (N.D. Cal. 2014). In stark contrast, Weather Report concedes it allowed Mr. Garrett to maintain "copies of documents containing such trade secrets stored on [his] *personal computers and storage devices*[.]" ECF 11 ¶ 62 (emphasis added).

**Fourth**, Weather Report contends that the need for confidentiality was implied "given that anyone else minting a similar NFT project prior to Weather Report's launch would be ruinous given the workings of the NFT and Web3 worlds." *Id.* ¶ 28. Such an implicit understanding is insufficient to give rise to trade secret protection. S*ee Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 898 F.3d 1279, 1300 (11th Cir. 2018) (affirming summary judgment in favor of defendant even in light of Florida's recognition of implied confidential relationships).

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

1    For these reasons, Weather Report has not sufficiently pleaded protectable

2    subject matter because it has failed to plead reasonable efforts to maintain the secrecy

3    of the information.

### 3.    Any protectable trade secret was publicly disclosed in artwork embodying the alleged trade secrets

6    Public disclosure is "fatal to the existence of a trade secret." *Apple Inc. v.*

7    *Psystar Corp.*, 2012 WL 10852, at *1 (N.D. Cal. Jan 3, 2012). As such, "[i]t is an

8    elementary principle of trade secret law that a product which is *marketed to the public*

9    cannot be secret." *Stilwell Dev. Inc. v. Chen*, 1989 WL 418783, at *4 (C.D. Cal. Apr.

10    25, 1989) (emphasis added). "This is especially true for the products' ornamental,

11    design features[.]" *Wang v. Golf Tailor*, 2017 WL 2861111, at *5 (N.D. Cal. July 5,

12    2017) (granting motion to dismiss with prejudice).

13    Weather Report publicly disclosed the "ideas relating to artwork and the

14    weather/emotion theme," ECF 11 ¶ 28, in marketing materials prior to the alleged

15    misappropriation. Initially, Weather Report alleges that Mr. Garrett "began his own"

16    similar NFT project only after "Weather Report kicked [him] out of its project[.]" *Id.*

17    As such, the misappropriation could not have occurred before January 12, 2022, when

18    Mr. Garrett was alleged to have "confirmed he understood the promises he had made

19    to Weather Report including to keep Weather Report's project confidential," *id.* ¶ 25,

20    prior to his removal from the project.

21    Evidence subject to judicial notice in the form of documents Weather Report

22    submitted to the United States Patent and Trademark Office (USPTO) establish that

23    the NFT project was made public well before that date.[6] Specifically, Weather Report

24    submitted U.S. Trademark App. Serial No. 97/221,297 (WEATHER REPORT) to the

25    USPTO on January 15, 2022, to which it attached as a specimen of use a screenshot

26

27    [6] *See Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145

28    (N.D. Cal. 2020) ("Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice.").

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

of its Twitter account @WeatheReportNFT. Declaration of Joshua D. Harms ("Harms Decl.") Ex. A. The specimen shows that Weather Report began publicly marketing the artwork embodying its "ideas" and the "weather/emotion theme" well before Mr. Garrett was expelled from the project. For example, Weather Report shared an image of the art on January 12. *Id*. (page 3 of 11). And although the specimen does not show posts preceding January 11, the upper-right corner of the page shows four of Mr. Garrett's illustrations Weather Report previously posted to its Twitter feed; therefore, such images must have been made public on or before January 11. *Id*. (page 1 of 11). Because Weather Report voluntarily disclosed the "ideas relating to artwork and the weather/emotion theme" by way of public marketing, it cannot maintain a trade secret misappropriation claim arising from conduct occurring thereafter.

### 4. The Court should award Mr. Garrett his attorneys' fees on this motion under Cal. Civ. Code § 3426.4

"If a claim of misappropriation is made in bad faith … the court may award reasonable attorneys' fees to the prevailing party." Cal. Civ. Code § 3426.4. It is settled that this statute was intended to deter "objectively specious" claims of misappropriation made in "bad faith." *Stilwell Dev. Inc. v. Chen*, 11 USPQ2d 1328, 1330–31 (C.D. Cal. 1989). An award under § 3426.4 is available even at this preliminary stage of proceedings. *See CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1112 (9th Cir. 2007).

A claim will be "objectively specious" if, for example, "there [is] a total failure of proof" that the alleged trade secret was the "subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Id*. at 1331 (quoting Cal. Civ. Code § 3426.1(d)(2)). Further, the court may infer bad faith where the filing of a misappropriation claim is "at least reckless or grossly negligent." *Id.* This inference is justified because a plaintiff will have "superior, if not exclusive, knowledge of whether they undertook any effort to maintain the alleged secrets." *Id*. at 1332. In *Stilwell*, the court inferred bad faith because "the legal issue of whether a *publically*

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

DEFENDANT DENTIN GARRETT'S RULE 12(b)(6) MOTION TO DISMISS

*marketed product* could be a secret is both well-established and straightforward." *Id*. (emphasis added); *see also VSL Corp. v. Gen. Techs., Inc*., 1998 WL 124208, at *4 (N.D. Cal. Jan. 5, 1998) (awarding fees were plaintiff "knew that the information at issue was distributed without obligations of confidentiality and was not the subject of reasonable secrecy efforts").

As set forth above, Weather Report's misappropriation claim is objectively specious for at least three reasons: (1) trade secrets law does not protect generalized concepts such as "ideas relating to artwork and the weather/emotion theme," ECF 11 ¶ 28; (2) Weather Report's only attempt to maintain the confidentiality of its trade secrets was a belated and objectively unenforceable "partly oral and partly implied" confidentiality agreement, *id*.; and (3) Weather Report had publicly marketed artwork embodying its trade secrets prior to the alleged misappropriation, Harms Decl. Ex A. In light of the foregoing, the Court should infer at least gross negligence and issue an award of fees and costs incurred on this motion in Mr. Garrett's favor.

### D.     The Promissory Fraud Claim is Preempted

Weather Report's fourth claim is for promissory fraud arising from Mr. Garrett's alleged intentional misrepresentations concerning confidentiality, which allowed him to "misappropriate Plaintiff's work." ECF 11 ¶ 56. Both state and federal courts have held that CUTSA is a comprehensive statutory scheme that occupies its field and "preempt[s] claims based on the same nucleus of facts as trade secret misappropriation." *Zomm, LLC v. Apple Inc*., 391 F. Supp. 3d 946, 955 (N.D. Cal. 2019) (quoting *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc*., 90 Cal. Rptr. 3d 247, 264 (2009)); *see also Chang v. Biosuccess Biotech Co., Ltd.*, 76 F. Supp. 3d 1022, 1041 (C.D. Cal. 2014) ("[Section] 3426.7 implicitly preempts alternative civil remedies based on trade secret misappropriation.").

In *Zomm, LLC*, the plaintiff alleged both a CUTSA claim and an unfair competition claim that "sounded in promissory fraud." 391 F. Supp. 3d at 954. In support of the latter, the plaintiff alleged defendant misappropriated its trade secrets

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

by way of "bait[ing]" plaintiff into disclosing them by signing a confidentiality agreement. *Id*. at 954. As the fraud arose from the misappropriation of trade secrets, the court reasoned any non-CUTSA claim based on such fraud was preempted. *Id*. at 955.

Here, Weather Report's fraud claim expressly arises from Mr. Garrett's alleged attempt to "misappropriate Plaintiff's work." ECF 11 ¶ 56. As such, this claim is preempted by CUTSA and should be dismissed with prejudice.[7]

### E. The Statutory Unfair Competition Claim Fails for Lack of Standing and is Preempted by CUTSA

Weather Report's sixth claim is based on California's statutory unfair competition law, Cal. Civ. Code § 17200 ("UCL"). ECF 11 ¶¶ 66–73. In order to plead standing under the UCL, a plaintiff must satisfy both the Article III requirement of injury in fact as well as the statutory prerequisite of a loss of money or property. *See* Cal. Bus. & Prof. Code § 17204; *Hinojos v. Kohl's Corp*., 718 F.3d 1098, 1103–04 (9th Cir. 2013). "Because the lost money or property requirement is more difficult to satisfy than that of injury in fact, for courts to first consider whether lost money or property has been sufficiently alleged or proven will often make sense. If it has not been, standing is absent and the inquiry is complete." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 325 (2011).

---

[7] A claim alleging fraud must comply with Rule 9(b) by stating "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "To plead fraud with particularity, the pleader must state the time, place, and specific content of the false representations." *Pegasus Trucking, LLC v. Asset Redeployment Grp., Inc.*, 2021 WL 1234879, at *2 (C.D. Cal. Feb. 16, 2021) (citing *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007)). Weather Report's FAC fails to meet this requirement. *See, e.g.*, ECF 11 ¶ 54 (referring to nebulous "promises during meetings and discussions with Weather Report in January 2022"). Instead of permitting Weather Report leave to replead, the Court should dismiss this claim with prejudice because it is preempted.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

In support of the UCL claim, Weather Report recites it "has suffered and will continue to suffer substantial damage to Plaintiff's business in the form of diversion of trade, loss of profits, and a dilution in the value of its rights and reputation, all in amounts which are *not yet ascertainable*[.]" ECF 11 ¶ 70 (emphasis added). First, this is a formulaic recitation of the element, insufficient to meet applicable pleading standards. *Twombly*, 550 U.S. at 555. Second, Weather Report's attempt to recite this element fails because it concedes that any damages are "not yet ascertainable" and, therefore, insufficient to meet the UCL's heightened standing requirement. Finally, Weather Report specifically pleads that the NFT collection "sold out." ECF 11 ¶ 6. As such, Mr. Garrett's alleged conduct is not actionable under the UCL because Weather Report did not, and cannot, establish lost money or property.

Even if Weather Report had standing to maintain this claim, it is preempted. The UCL claims rests on acts and practices "described above" that "constitute violations of the Lanham Act and are and were fraudulent[.]" ECF 11 ¶ 67. As the only claim alleging "fraudulent" conduct is the promissory fraud claim, and said claim appears immediately above the UCL claim, it appears the UCL claims arises from the fraudulent misappropriation and use of Weather Report's ideas for artwork and the weather/emotion theme.[8] *See id.* ¶ 56. Therefore, the claim is preempted by CUTSA. *See, e.g.*, *Zomm, LLC*, 391 F. Supp. 3d at 955; *Waymo LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059, 1064 (N.D. Cal. 2017) ("CUTSA supersedes Waymo's Section 17200 claim based on misappropriation of said information regardless of whether or not it would ultimately qualify for trade secret protection."); *Whiteslate, LLP*, 2021 WL 2826088, at *12 (dismissing unfair business practices claim as preempted); *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005).

---

[8] UCL claims arising from allegedly fraudulent conduct must comply with Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). As such, this claim is insufficiently pleaded. However, rather than allow Weather Report leave to replead, the Court should dismiss this claim with prejudice for lack of standing and because it is preempted.

### F.   <u>The Common Law Unfair Competition Claim is Insufficiently Pleaded and Preempted</u>

Weather Report's seventh claim for common law unfair competition is limited to incorporating vague "above-described conduct" by reference. ECF 11 ¶ 75. First, this is a quintessential example of "shotgun pleading" in violation of Rule 8(a). *See Aziz*, 2018 WL 6017024, at \*4 (a plaintiff "should clearly and concisely set forth the factual allegations pertaining to the events that give rise to each separate claim"). Second, this pleading also violates Rule 9(b) to the extent the "above-described conduct" is the alleged fraudulent conduct supporting the promissory fraud and statutory UCL claims. *See* Notes 7 & 8, *supra*. In light of the insufficient pleading, this claim should be dismissed.

However, as with the statutory UCL claim, it seems the common law unfair competition claim's use of "above-described conduct" refers to the allegations described in Weather Report's claim for promissory fraud. For the reasons set forth above, this claim is also preempted and should therefore be dismissed with prejudice.[9]

## V.   CONCLUSION

For the foregoing reasons, Mr. Garrett respectfully requests that the Court dismiss Counts II through VII of Weather Report's First Amended Complaint with prejudice and award Mr. Garrett the fees and costs incurred in bringing this motion pursuant to Cal. Civ. Code § 3426.4. \\\\

---

[9]   Additionally, courts in this district have construed unfair competition under California common law as limited to allegations of "passing off" or analogous acts. *Aquawood, LLC v. Toys "R" Us-Delaware, Inc.*, 2016 WL 10576620, at \*2 (C.D. Cal. Mar. 10, 2016). The fact that no passing off, or any analogous claim, has been alleged here, lends further support for dismissal with prejudice.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067

1   DATED:  June 2, 2022                    FREEMAN, FREEMAN & SMILEY, LLP

2

3

4                                          By:    */s/ Curtis A. Graham*
5                                                 CURTIS A. GRAHAM
                                                  DANA M. SILVA
6                                                 *Attorneys for Defendant /*
                                                  *Counterclaim-Plaintiff Dentin Garrett*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT DENTIN GARRETT'S RULE 12(b)(6) MOTION TO DISMISS

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067